UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONY D PENWELL,<br><br>        Plaintiff,<br><br>    v.<br><br>REED HOLTGEERTS, *et al.*,<br><br>        Defendants. | CASE NO. C05-2106-TSZ<br><br>ORDER GRANTING IN-PART AND DENYING IN-PART DEFENDANTS' SECOND RENEWED MOTION FOR SUMMARY JUDGMENT |

The Court, having reviewed the papers filed in support of and in opposition to Defendants' second motion for summary judgment (Dkt. 145), the Report and Recommendation of United States Magistrate Judge Mary Alice Theiler ("R&R") (Dkt. 163), the Defendant's Objections (Dkt. 164) and the Plaintiff's response thereto (Dkt. 165), the governing law, and the balance of the record, does hereby find and ORDER:

(1) The Court ADOPTS in-part the R&R, docket no. 163, with the following modifications to clarify the Court's ruling:

    (a) Plaintiff may not proceed to trial on his claims for declaratory and injunctive relief.

        Plaintiff was transferred from the Regional Justice Center ("RCJ") to state prison in

1    2007. Although Plaintiff briefly returned to the RJC in 2012, he was returned to state

2    custody on May 29, 2012. Because Plaintiff is not currently in King County custody,

3    and he has failed to demonstrate that there is a reasonable expectation that he will

4    return to King County custody in the future, his claim for injunctive relief is moot.

5    "A claim is moot 'when the issues presented are no longer live or the parties lack a

6    legally cognizable interest in the outcome.'" Alvarez v. Hill, 667 F.3d 1061, 1063-64

7    (9th Cir. 2012) (citing U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 396, 100 S.

8    Ct. 1202 (1980)). A prisoner's release from custody moots his request for injunctive

9    and declaratory relief because he is no longer subject to the prison conditions or

10   policies that he challenges. Id. at 1064. A mere possibility that Plaintiff will return to

11   the prison facility in the future is "too speculative" to warrant relief. Id. As such,

12   Plaintiff's contention that "he could return to the RJC for a court hearing" in the

13   future is insufficient to establish a claim for declaratory or injunctive relief;

14   (b) The rule of mandate does not deprive this Court of jurisdiction to consider Plaintiff's

15   Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim. In order

16   for the rule of mandate to apply, the issue in question must have been decided

17   explicitly or by necessary implication in the previous disposition. United States v.

18   Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000). The rule of mandate allows

19   a lower court to decide anything not foreclosed by the mandate. Herrington v. Cnty.

20   of Sonoma, 12 F.3d 901, 904 (9th Cir. 1993). In the present case, Plaintiff's RLUIPA

21   claim has never been considered or decided by any court. This Court's prior decision

22   failed to address the RLUIPA claim. As a result, the Ninth Circuit's Memorandum

23

24
ORDER GRANTING IN-PART AND DENYING
IN-PART DEFENDANTS' SECOND RENEWED
MOTION FOR SUMMARY JUDGMENT - 2

Decision remanding Plaintiff's free exercise claim to this Court also does not address the RLUIPA claim.

Defendants argue that despite the fact that the RLUIPA claim has never been addressed by this Court or the Ninth Circuit, the rule of mandate strips the Court of jurisdiction to consider the claim. This is not so. The amendment of pleadings following remand may be permitted, as long as such amendment is not inconsistent with the appellate court's mandate. In re Matter of Beverly Hills Bancorp, 752 F.2d 1334, 1337-38 (9th Cir. 1984) (citing Quern v. Jordan, 440 U.S. 332, 347 n.18, 99 S. Ct. 1139 (1979)). In the present case, the Magistrate Judge allowed Plaintiff to amend his complaint to add a RLUIPA claim following remand because that claim had been clearly referenced in briefing prior to his appeal, Plaintiff was proceeding pro se, and the Ninth Circuit's decision in Alverez v. Hill, 518 F.3d 1152 (2008) held that such amendment is appropriate where a pro se plaintiff has previously indicated his intent to argue both a free exercise and a RLUIPA claim based on the same conduct. Report and Recommendation (Dkt. 135).

Defendants argue that the RLUIPA claim is inconsistent with the Ninth Circuit's mandate because that Court only remanded the Plaintiff's free exercise claim for further consideration under the appropriate legal test. Penwell v. Holtgeertz, No. 07-35638 (9th Cir. July 7, 2010) (vacating "the grant of summary judgment on Penwell's free exercise claim" and remanding "to the district court for reconsideration under the sincerity test.") (Dkt. 114). The Court concludes that allowing Plaintiff to amend his complaint to add a RLUIPA claim was appropriate and consistent with the Ninth Circuit's mandate. This is especially appropriate in the present case where Plaintiff

was proceeding pro se and his RLUIPA claim was intertwined with the free exercise claim that the Ninth Circuit remanded for reconsideration.  The "mandate[ ] require[s] respect for what the higher court decided, not for what it did *not* decide." United States v. Kellington, 217 F.3d 1084, 1093 (9th Cir. 2000) (emphasis added) (internal quotation marks and citations omitted).  Here, the Ninth Circuit did not decide, expressly or by implication, Plaintiff's RLUIPA claim. Id. at 1092-94.  As such, this claim is "not foreclosed by the mandate," Herrington v. Cnty. of Sonoma, 12 F.3d 901, 904 (9th Cir. 1993).

(2) Defendants' motion for summary judgment is GRANTED in-part and DENIED in-part as follows:

(a) Summary judgment is GRANTED in favor of Defendants on all claims regarding plaintiff's ability to consult privately with a chaplain;

(b) Summary judgment is GRANTED in favor of Defendants on the First Amendment claim regarding plaintiff's ability to attend group worship;

(c) Defendants sued in their *individual* capacities are DISMISSED with respect to the RLUIPA claim regarding plaintiff's ability to attend group worship because they are entitled to qualified immunity;

(d) Plaintiff's claims for declaratory and injunctive relief are DISMISSED; and

(e) Summary judgment is DENIED on the RLUIPA claim against King County (i.e., defendants sued in their *official* capacities) regarding Plaintiff's ability to attend group worship.

(3) The sole issue remaining for trial is plaintiff's claim that King County's policy of prohibiting all inmates in Ad Seg from attending group-worship services violated his rights under RLUIPA.

(4) The parties are directed to submit within **thirty (30) days** of the date of this Order a joint, suggested trial schedule, including a statement about whether alternative dispute resolution would assist in resolving the remaining issue and, if so, a proposed schedule for mediation and/or settlement.

(5) The Clerk is directed to send a copy of this Order to all counsel of record, to the Plaintiff, and to Magistrate Judge Theiler.

Dated this 11th day of July, 2013.

THOMAS S. ZILLY
United States District Judge

ORDER GRANTING IN-PART AND DENYING
IN-PART DEFENDANTS' SECOND RENEWED
MOTION FOR SUMMARY JUDGMENT - 5